# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

April 8, 2024



**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Jessica G. L. Clarke, U.S.D.J.
500 Pearl Street, Courtroom 20C
New York, NY 10007-1312

    *Re:*    **Jobar Holding Corp.,** *et al.* **v. Halio**
           **Case No.: 1:23-cv-11217 (JGLC) (GS)**

Dear Judge Clarke:

    This office represents the Defendant Dr. David Halio (hereinafter "Defendant" or "Dr. Halio") in the above-referenced case.  Defendant writes jointly with Plaintiffs in accordance with this Court's Orders dated December 28, 2023 and April 5, 2024.[1]  See ECF Docket Entry 3.

    *(1) A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear;*

    Defendant is amenable to conducting an initial pretrial conference.  Plaintiffs believe the parties can do without an initial pretrial conference given the pending motion to dismiss.  A proposed Case Management Plan, is submitted herewith by the parties.

    *(2) A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;*

    This case seeks damages under the RICO statute and an amalgam of claims under New York State law based on an alleged fraudulent scheme.

---

[1] Your undersigned respectfully apologizes for not submitting the instant letter by the deadline set forth in the December 28, 2023 Order.  The deadline was not transferred to your undersigned's new firm calendar following his departure from his prior firm and your undersigned was focused on submitting a motion to dismiss in a case before the Hon. Kenneth M. Karas, U.S.D.J. due on Friday, April 5, 2024.  Based on the foregoing, Defendant respectfully submits that good cause and excusable neglect warrant this Court's extension of time as set forth in its April 5, 2024 Order.  See Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs submit that they are in no way responsible for the missed deadline of April 4, 2024 for this letter and a proposed Case Management Plan, having sent the Case Management Plan and request for a draft of the letter on April 3, 2024, and again requested the draft letter on April 4, 2024, which the Defendant promised, in writing, to provide that day; Defendant objects to this representation, as Plaintiffs sent a proposed civil case management plan at 3:46 PM on Wednesday, April 3, 2024, and requested that Defendant draft the joint letter at noon on Friday, April 5, 2024, which your undersigned was unable to do for the reasons set forth above.

The scheme concerns the alleged admitted use of funds as loans, to which Plaintiffs claim they are entitled to all or a portion of, plus interest and legal fees and costs, given their status as shareholders of Jobar Holding Corporation ("Jobar"), among other of Plaintiffs' claims including mail, wire and tax fraud. Plaintiffs' complaint shows that key issues are Defendant's admission of "loans" which he contends were not requested by him, and as to one of the loans, Plaintiffs alleged he testified repayment has been made, but has not been able to document any repayment. Defendant denies the allegations and denies making any such admission.

*(3) A brief explanation of why jurisdiction and venue lie in this Court. …*

Subject matter jurisdiction exists under 28 U.S.C. § 1331 because there is a federal question arising under RICO.

*(4) A statement of all existing deadlines, due dates and/or cut-off dates;*

Defendant must submit a reply memorandum of law in further support of his motion to dismiss on Thursday, April 11, 2023. The parties are unaware of any additional deadlines.

*(5) A brief description of any outstanding motions;*

Defendant filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), seeking dismissal of the RICO claim as the complaint allegations fail to state a claim upon which relief may be granted. Plaintiffs submitted their opposition showing that the complaint alleged that the Defendant admitted, under oath, facts fully supporting the claims against him. Plaintiffs submit that in the pending motion the allegations of the complaint are deemed true for the purposes of the motion. Defendant respectfully submits that, to the extent Plaintiffs refer to items outside the pleadings, it is improper to do so on a motion to dismiss under Rule 12.

*(6) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;*

No discovery has taken place thus far in this case. Defendant was deposed as a non-party witness in another action in which Plaintiffs are suing his mother, and, in their complaint the Plaintiffs alleged that Defendant made material admissions supporting their claims that Defendant and his professional medical corporation received unrepaid unreported "loans" from a fiduciary account managed by his mother, and also received other considerations thereafter, that are fraudulent conveyances actionable herein and that support the RICO and RICO conspiracy claims, in addition to the state claims. Defendant denies these allegations and assertions.

*(7) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;*

Plaintiffs represent that "there are no settlement discussions" and that "defendant has not indicated any interest in presenting an offer of anything in settlement here, although he has participated in settlement discussions in a mediation in his mother's separate case for similar claims by these plaintiffs." This is accurate to Defendant's knowledge as, at the time those settlement discussions took place, there was no lawsuit filed against Dr. Halio. Defendant notes, further, that his mother has placed funds into escrow for settlement purposes, but that Plaintiffs seek more than the amount held in escrow. Defendant respectfully submits that Plaintiffs are entitled to nothing more than the amount held in escrow. Plaintiffs respectfully submit that Defendant's admissions and his mother's sworn statement and tax documents, as alleged in the complaint, show that the Plaintiffs are entitled to the amount sought. Defendant denies these arguments and assertions.

*(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.*

Defendant submits that this case arises out of a family vendetta that Plaintiffs' principal – Robert Buck – has been engaged in a warpath for years to cause carnage to Barbara Halio, the Defendant's mother, and that this complaint was brought for an improper purpose in order to annoy, harass, and embarrass the Defendant and his mother. Defendant submits that an in-person settlement conference before the Hon. Gary Stein, U.S.M.J. ("Judge Stein") would be beneficial, and this Court is authorized to Order the parties to appear in person before Judge Stein pursuant to Rule 16.

Plaintiffs submit that the vendetta argument is phony. This is shown by the several admissions by Defendant and his mother that they took unrepaid "loans" from a fiduciary account of Jobar totaling substantially more than a million dollars, that neither principal nor interest was ever repaid, and that there is no loan document for any of the "loans." The funds were taken out of a fiduciary account held in trust for the Plaintiffs. The state court issued an injunction against Defendant's mother a part of which is the provision for $420,000 that is being held in an attorneys' trust account. The state court, in issuing the injunction, certainly did not view the action as a vendetta. The Plaintiffs assert that there is no purpose to be served by a settlement conference at this time.

Defendant respectfully objects to Plaintiffs' characterization of how a Justice in the state court action views Plaintiffs' action.

The parties thank this Court for its time and attention to this case.

Dated: Jamaica, New York
      April 8, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
mail@emanuelkataev.com

*Attorneys for Defendant
David Halio*

**VIA ECF**
Scarinci & Hollenbeck, LLC
<u>Attn</u>: Dan Brecher, Esq.
519 Eighth Avenue, 25th Floor
New York, NY 10018
(212) 286-0747 (office)
(917) 861-5057 (cellular)
(212) 808-4155 (facsimile)
dbrecher@sh-law.com

*Attorneys for Plaintiffs*

The initial pretrial conference in this matter, previously scheduled for April 11, 2024 at 11:00 a.m., is hereby CANCELED. The Court will revisit the parties' proposed Case Management Plan following the resolution of the pending motion to dismiss.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: April 9, 2024
      New York, New York