UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOBAR HOLDING CORPORATION, ROBERT BUCK,
Individually, and ROBERT BUCK, as Executor of the
Estate of JOAN BUCK, and ROBERT BUCK, individually
and ROBERT BUCK, As Executor of the Estate of JOAN
BUCK, derivatively as shareholders on behalf of JOBAR
HOLDING CORPORATION,

**Case No.:**
**1:23-cv-11217 (JGLC) (GS)**

                            Plaintiffs,

        -against-

DAVID HALIO,

                            Defendant.
-------------------------------------------------------------------------X

### DEFENDANT DR. DAVID HALIO'S REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

Dated: Jamaica, New York
       April 11, 2024

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
mail@emanuelkataev.com

*Attorneys for Defendant*
*David Halio*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................1

II. ARGUMENT ...........................................................................................................2

    A.  THE STATUTE OF LIMITATIONS BARS RELIEF TO PLAINTIFFS.........2

    B.  DR. HALIO'S TAX RETURNS DO NOT CONSTUTE PREDICATE ACTS UNDER RICO ...........................................................................................3

    C.  PLAINTIFFS' RICO CLAIMS ARE NOT BASED ON CONTINUOUS CRIMINAL CONDUCT ...........................................................................4

    D.  PLAINTIFFS' FAILURE TO ADDRESS ARGUMENTS CONSTITUTE WAIVER ..........................................................................................................5

III. CONCLUSION.......................................................................................................6

i

## TABLE OF AUTHORITIES

**Cases**

Bankers Tr. Co. v. Rhoades,
    859 F.2d 1096 (2d Cir. 1988)......................................................................................... 3

Boneta v. Rolex Watch USA, Inc.,
    232 F. Supp. 3d 354 (S.D.N.Y. 2017)............................................................................ 2

Crawford v. Franklin Credit Mgmt. Corp.,
    758 F.3d 473 (2d Cir. 2014)........................................................................................ 4, 5

Gross v. Waywell,
    628 F. Supp. 2d 475 (S.D.N.Y. 2009).......................................................................... 4, 5

Kaplan v. N.Y. State Dep't of Labor,
    No. 18-CIV.-3629 (KPF), 2019 WL 3252911 (S.D.N.Y. July 19, 2019)......................... 5

Lynch v. Amoruso,
    232 F. Supp. 3d 460 (S.D.N.Y. 2017)............................................................................ 3

Sedima v. Imrex Co.,
    473 U.S. 479 (1985)........................................................................................................ 3

Spool v. World Child Int'l Adoption Agency,
    520 F.3d 178 (2d Cir. 2008)........................................................................................... 4

Tabas v. Tabas,
    47 F.3d 1280 (3d Cir. 1995)........................................................................................... 4

Tellis v. United States Fidelity & Guar. Co.,
    826 F.2d 477 (7th Cir. 1986) ......................................................................................... 5

United States v. Watts,
    No. 09-CR-62 (CM), 2011 WL 167627 (S.D.N.Y. Jan. 11, 2011)................................... 3

**Statutes**

18 U.S.C. § 1961................................................................................................................ 3, 4

18 U.S.C. § 1964.................................................................................................................... 3

26 U.S.C. § 7201................................................................................................................. 1, 4

## **PRELIMINARY STATEMENT**

In the frenetic fog of Plaintiffs' pleas to avoid dismissal, when the dust settles, it is clear that this case must be dismissed.  Plaintiffs' opposition papers, which are more akin to a manifesto, provide no basis to deny this relief.

As an initial matter, Plaintiffs fail entirely to address the fact that their claims against the Defendant Dr. David Halio (hereinafter "Dr. Halio" or the "Defendant") are time-barred.  Plaintiffs also puzzlingly point to allegations concerning Defendant's medical practice as a "RICO person," but the medical practice is curiously not a defendant in this case.  Instead, without any authority whatsoever in support, Plaintiffs advance the meritless position that their claims should be equitably tolled, and that the Defendant's *mother's* failure to repay loans upon the sale of her Watermill, New York property – which Dr. Halio does not own – in April 2020 somehow apply to the Defendant.  It does not, and this Court should deny Plaintiffs' passive request, bereft of any support, for such extraordinary relief.

Even if this case were not time-barred, which it undeniably is, given that Plaintiffs' own allegations establish their knowledge of Defendant's alleged involvement since at least November 2016, the complaint fails to state a claim upon which relief can be granted.  This is because, among other reasons, tax fraud does not qualify as racketeering activity to satisfy the predicate acts necessary to state a claim under the RICO statutory scheme.

In an effort to avoid the inevitable dismissal of this case, Plaintiffs argue that Defendant violated 26 U.S.C. § 7201 – a criminal statute, over which no private right of action lies – despite the fact Plaintiffs have no standing to pursue such a claim.  This blatant abuse of the litigation privilege should not be countenanced.

Plaintiffs also argue that Defendant's *mother's* decision not to charge Dr. Halio rent for running a medical practice out of her home somehow constitutes fraud.  This argument rings hollow, and only establishes the true nature of Plaintiffs' tactics; to engage in scorched earth litigation.  For the reasons set forth below, Dr. Halio's motion to dismiss must be granted.

## ARGUMENT

### POINT ONE

### THE STATUTE OF LIMITATIONS BARS RELIEF TO PLAINTIFFS

As set forth in Dr. Halio's moving papers, the statute of limitations on a RICO claim runs from when the plaintiff discovered, or should have discovered, his injury, and it is the discovery of the injury that starts the clock on the statute of limitations.  See ECF Docket Entry 13 at 8.

To avoid dismissal, Plaintiffs seek the extraordinary relief of equitable tolling, and argue that the sale of Defendant's *mother's* home – which Defendant is not alleged to have owned – constitutes a separate predicate act from which the statute of limitations may run.  The relief Plaintiffs seek, and the arguments they make, are both entirely unsupported by any authority whatsoever.  More importantly, and again as set forth in Dr. Halio's moving papers, the continuing violations doctrine does not apply to claims under RICO.  Even if the sale of Defendant's mother's home does constitute a predicate act, it is missing the required second predicate act.  See Boneta v. Rolex Watch USA, Inc., 232 F. Supp. 3d 354, 358 (S.D.N.Y. 2017) ("A pattern of racketing requires the commission of 'at least two predicate acts of racketeering activity that are related and continuous'").  Here, again assuming *arguendo* that the sale of the Defendant's mother's property constitutes a predicate act (which it does not), there is no accompanying predicate act related to the sale of the property.  Further, none of the allegations in the complaint concerning other predicate acts are *related* to the sale of the property.

Moreover, no cause of action under RICO can accrue without an injury that results from an alleged violation of the statute. See Bankers Tr. Co. v. Rhoades, 859 F.2d 1096, 1102–03 (2d Cir. 1988) ("Until such injury occurs, there is no right to sue for damages under § 1964(c), and until there is a right to sue under § 1964(c), a civil RICO action cannot be held to have accrued") (citing Sedima v. Imrex Co., 473 U.S. 479, 496 (1985) (plaintiff "can only recover to the extent that he has been injured in his business or property by the conduct constituting the violation").

In this case, Plaintiffs cannot claim any injury from the sale of Defendant's mother's home for two distinct reasons. *First*, this act cannot be attributed to Dr. Halio, but only against his mother, who is already being victimized as a defendant in a separate state court action by the same Plaintiffs herein. *Second*, the sale itself cannot serve as a predicate act; rather, Plaintiffs apparently argue that the failure to pay Plaintiffs out of the sale of those homes based on an alleged promise by Dr. Halio's mother gives rise, somehow, to an injury. This attenuated argument is meritless.

As set forth in the pleadings, Plaintiffs received notice of Defendant's alleged involvement in November 2016, and thus should have sued him no later than November 2020. Plaintiffs failed to do so, and – as such – their claims against Dr. Halio are time-barred. Accordingly, Plaintiffs' complaint must be dismissed as untimely based on statute of limitations ground.

**POINT TWO**

**DR. HALIO'S TAX RETURNS DO NOT CONSTUTE PREDICATE ACTS UNDER RICO**

Plaintiffs rely heavily on allegations of tax fraud to support their RICO claims. However, while RICO statute sets forth an "exhaustive list of predicate acts that qualify as 'racketeering activity,'" Lynch v. Amoruso, 232 F. Supp. 3d 460, 466 (S.D.N.Y. 2017), tax fraud is not among them. See 18 U.S.C. § 1961(1); see also United States v. Watts, No. 09-CR-62 (CM), 2011 WL 167627, at *6 (S.D.N.Y. Jan. 11, 2011) ("[T]he tax fraud offense is not itself a RICO predicate").

3

Indeed, the law in the Second Circuit is unambiguous that an offense "*must* be among the various criminal offenses listed in § 1961(1)" to qualify as a RICO predicate.  See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008) (emphasis added).  Critically, 26 U.S.C. § 7201 is nowhere to be found in the criminal offenses listed in 18 U.S.C. § 1961(1).  Accordingly, Plaintiffs' reliance on tax fraud criminal statutes is misplaced.  As such, Plaintiffs fail to state a RICO claim even if they somehow survive the statute-of-limitations defense.

**POINT THREE**

**PLAINTIFFS' RICO CLAIMS ARE NOT BASED ON CONTINUOUS CRIMINAL CONDUCT**

To avail themselves of relief under RICO, Plaintiffs argue that there have been dozens of wire transfers and mailing of returns sufficient to state a claim for relief thereunder.  But Plaintiffs' approach has been repeatedly rejected by courts in this Circuit and others.

The Second Circuit has cautioned that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it."  See Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 489 (2d Cir. 2014) (internal quotation marks omitted); cf. Tabas v. Tabas, 47 F.3d 1280, 1290 (3d Cir. 1995) (*en banc*) ("The inclusion within the scope of civil RICO of [mail and wire fraud], more prevalent in the commercial world than in the world of racketeers, has caused concern that RICO sweeps too broad a swathe").  That is so because mail and wire communications, which are not themselves inherently unlawful activities, are routinely used in business operations, and "even in connection with an actual fraudulent scheme, there may be substantial innocent or incidental use of the mail or wires that may not relate to the any unlawful activity of the enterprise or that involves no deception of the plaintiff."  See Gross v. Waywell, 628 F. Supp. 2d 475, 493 (S.D.N.Y. 2009) (citation omitted).  Such is the case here.

4

"[T]o find the necessary criminality in those activities requires substantive inquiry beyond the mere fact of the communication, ordinarily by reference to other relevant considerations such as the extent to which the mailings were part of an intentional scheme to defraud, and in fact deceived, the victim." Id.  Accordingly, a mere multiplicity of wire or mail communications does not automatically satisfy the requisite continuity to establish a pattern of racketeering activity. Id.; cf. Crawford, 758 F.3d at 489 (discussing Tellis v. United States Fidelity & Guar. Co., 826 F.2d 477, 478 (7th Cir. 1986), and agreeing with the Seventh Circuit's reasoning that "multiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern" for a civil RICO claim).

This Court should similarly find here that there exists no RICO claim based on the episodic and irregular transactions Plaintiffs themselves plead.  In addition, the years-long hiatus between the alleged fraudulent transfers set forth in the complaint does not connote a continuous criminal enterprise that the RICO statute was designed to eliminate.

Thus, as attractive as treble damages and attorneys' fees may be to the Plaintiffs, they must be relegated to state court to secure the funds held in escrow and move on with their lives.

### POINT FOUR

### PLAINTIFFS' FAILURE TO ADDRESS ARGUMENTS CONSTITUTE WAIVER

Plaintiffs makes no argument that the *Colorado River* abstention doctrine does not require dismissal of the complaint, nor of supplemental jurisdiction.

As such, they have conceded same for purposes of this motion.  See, e.g., Kaplan v. N.Y. State Dep't of Labor, No. 18-CIV.-3629 (KPF), 2019 WL 3252911, at *14-15 (S.D.N.Y. July 19, 2019) ("Courts will normally deem a claim abandoned if a plaintiff fails to address or oppose a defendant's arguments …").

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court: (1) dismissal of

the RICO claims; (2) decline to exercise supplemental jurisdiction of the state law claims; and (3)

for such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Jamaica, New York
      April 11, 2024                 Respectfully submitted,

                                    **SAGE LEGAL LLC**

                                    */s/ Emanuel Kataev, Esq.*
                                    Emanuel Kataev, Esq.
                                    18211 Jamaica Avenue
                                    Jamaica, NY 11423-2327
                                    (718) 412-2421 (office)
                                    (917) 807-7819 (cellular)
                                    (718) 489-4155 (facsimile)
                                    mail@emanuelkataev.com

                                    *Attorneys for Defendant*
                                    *David Halio*

**VIA ECF**
Scarinci & Hollenbeck, LLC
Attn: Dan Brecher, Esq.
519 Eighth Avenue, 25th Floor
New York, NY 10018
(212) 286-0747 (office)
(917) 861-5057 (cellular)
(212) 808-4155 (facsimile)
dbrecher@sh-law.com

*Attorneys for Plaintiffs*

6