UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOBAR HOLDING CORPORATION, ROBERT BUCK,
Individually, and ROBERT BUCK, as Executor of the
Estate of JOAN BUCK, and ROBERT BUCK, individually
and ROBERT BUCK, As Executor of the Estate of JOAN
BUCK, derivatively as shareholders on behalf of JOBAR
HOLDING CORPORATION,

Case No.:
1:23-cv-11217 (JGLC) (GS)

                         Plaintiffs,

    -against-

DAVID HALIO,

                         Defendant.
------------------------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Dated: Jamaica, New York
      April 12, 2024

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
mail@emanuelkataev.com

*Attorneys for Defendant
David Halio*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY .....................................2

ARGUMENT .................................................................................................................................3

    I.        SANCTIONS ARE APPROPRIATE PURSUANT TO RULE 11 .........................3

           A.  Sage-Harbor Notice ................................................................................................3

           B.  Rule 11 Standard......................................................................................................5

                i.       There is No Basis in Law or Fact for Plaintiffs to Bring the Instant RICO Claims ..................................................................................................6

                ii.      Sanctions Should Be Imposed ....................................................................7

                iii.     Proposed Sanctions .....................................................................................9

    II.       SANCTIONS ARE WARRANTED PURSUANT 28 U.S.C. § 1927...................12

    III.      THE COURT SHOULD OTHERWISE ISSUE SANCTIONS PURSUANT TO ITS INHERENT POWER...............................................................................13

    IV.      PLAINTIFFS CANNOT AVOID SANCTIONS BY VOLUNTARILY DISMISSING THE COMPLAINT....................................................................13

CONCLUSION............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

Azrielli v. Cohen Law Offices,
 21 F.3d 512 (2d Cir. 1994) ................................................................................................ 6

Chambers v. NASCO, Inc.,
 501 U.S. 32, 47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991) ............................... 7, 13

Cofacredit, S.A. v. Windsor Plumbing Supply Co.,
 187 F.3d 229 (2d Cir. 1999) .............................................................................................. 6

Cooter & Gell v. Hartmarx Corp.,
 496 U.S. 384 (1990) ............................................................................................... 5, 8, 13

Edmonds v. Seavey, 2009 US Dist LEXIS 111915 (SDNY Dec. 2, 2009)
 496 U.S. 384 (1990) ........................................................................................................ 12

Elsevier, Inc. v. Grossman,
 2013 WL 6331839 (S.D.N.Y. Dec. 5, 2013) .................................................................... 6

First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,
 385 F.3d 159 (2d Cir. 2004) .............................................................................................. 6

Four Keys Leasing & Maint. Corp. v. Simithis,
 849 F.2d 770 (2d Cir. 1988) .............................................................................................. 5

Galasso v. Eisman, Zucker, Klein & Ruttenberg,
 310 F. Supp. 2d 569 (S.D.N.Y. 2004) ............................................................................. 11

GICC Capital Corp. v. Tech. Fin. Group, Inc.,
 67 F.3d 463 (2d Cir. 1995) ................................................................................................ 6

Guarino v. Resciniti (In re Resciniti),
 2019 Bankr. LEXIS 951, 2019 WL 1451278 (Bankr. E.D.N.Y. Mar. 29, 2019) ............... 3

H.J. Inc., et al. v. Northwestern Bell Tel. Co.,
 492 U.S. 229 (1989) .......................................................................................................... 6

Ideal Instruments, Inc. v. Rivard Instruments, Inc.,
 243 F.R.D. 322 (N.D. Iowa 2007) .................................................................................... 4

Katzman v Victoria's Secret Catalogue,
 167 FRD 649 (SDNY 1996) ........................................................................................... 12

Knipe v. Skinner,
    19 F.3d 72 (2d Cir. 1994) .................................................................................................. 8

Landmark Ventures, Inc. v. Cohen,
    2014 U.S. Dist. LEXIS 165366 (S.D.N.Y. Nov. 25, 2014) ............................................. 10

Lawrence v. Richman Grp. Of CT LLC,
    620 F.3d 153 (2d Cir. 2010) ............................................................................................. 4

LCS Group, LLC v Shire LLC,
    2019 US Dist LEXIS 43255 (SDNY 2019) .................................................................... 12

Margo v. Weiss,
    213 F.3d 55 (2d Cir. 2000) ............................................................................................. 11

Morley v. Ciba-Geigy Corp.,
    66 F.3d 21 (2d Cir. 1995) ................................................................................................. 5

Muthig v. Brant Point Nantucket, Inc.,
    838 F.2d 600 (1st Cir. 1988) .......................................................................................... 14

Roeder v. Rogers,
    206 F. Supp. 2d 406 (W.D.N.Y. 2002) ........................................................................... 11

Schlaifer Nance & Co. v. Estate of Warhol,
    194 F.3d 323 (3d Cir. 1999) ..................................................................................... 3-4, 4

Schottenstein v. Schottenstein,
    230 F.R.D. 355 (S.D.N.Y. 2005) .................................................................................... 11

Shangold v. Walt Disney Co.,
    2006 WL 71672 (S.D.N.Y. Jan. 12, 2006) ..................................................................... 13

Shangold v. Walt Disney Co.,
    275 Fed. Appx. 72 (2d Cir. 2008) ................................................................................... 13

Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,
    682 F.3d 170 (2d Cir. 2012) ......................................................................................... 3, 4

Storey v. Cello Holdings, L.L.C.,
    347 F.3d 370 (2d Cir. 2003) ............................................................................................. 4

Szabo Food Service, Inc. v. Canteen Corp.,
    823 F.2d 1073 (7th Cir. 1987) ........................................................................................ 14

Szabo Food Service, Inc. v. Canteen Corp.,
    485 U.S. 901, 99 L. Ed. 2d 229 (1988) .......................................................................... 14

Truong v. New York Hotel and Motel Trades Council,
    2011 U.S. Dist. LEXIS 3985 (S.D.N.Y. Jan. 12, 2011) ..................................................... 10

Weinraub v. Glen Rauch Sec., Inc.,
    419 F. Supp. 2d 507 (S.D.N.Y. Dec. 9, 2005) ................................................................ 11

**Statutes**

18 U.S.C. § 1961 ............................................................................................................... 6

18 U.S.C. § 1962 ............................................................................................................ 6, 7

28 U.S.C. § 1927 ........................................................................................................... 2, 12

**Rules**

Fed. R. Civ. P. 11 ................................................................... 1, 2, 3, 3 n. 2, 4, 5, 7, 9, 12, 13, 14

Fed. R. Civ. P. 12 ............................................................................................................. 11

**Other**

Amendments to Federal Rules of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules (Mar. 9, 1982))…………..14

**PRELIMINARY STATEMENT**

In the annals of frivolity, the complaint in this case reigns supreme. As suspected from outset of this case, Plaintiffs and their counsel either: (i) have no idea what a RICO[1] claim actually is; or (ii) do know and disgustingly decided to ignore that knowledge in order to continue to engage in their family vendetta against Dr. David Halio and his ninety (90) year old mother. What is particularly revolting is how Plaintiffs, by and through their counsel, quickly made a circus out of its claims and attempted to make a monkey out of Dr. Halio, all the while ignoring the elephant in the room; that the Complaint on its face does not state a claim under RICO!

Almost as abysmally abominable is the fact that Plaintiffs are apparently currently represented by the same counsel who have failed to timely commence this case, thus committing malpractice, and preventing Plaintiffs' mastermind Robert Buck from continuing to engage in his family vendetta. It is no wonder that they were so easily able to make, as ringleaders, such a circus out of these proceedings.

Rule 11 sanctions are therefore more than appropriate in this case. Specifically, the record establishes that Plaintiffs failed to reasonably investigate the RICO claim, improperly dragging Dr. David Halio into this stigma-inducing litigation without any basis in law or fact to bring such a claim in the first place. Plaintiffs concocted this stigma-inducing litigation in order to engage in a family vendetta as an estranged member of the family. In fact, prior to and during this case, Plaintiffs were repeatedly warned that their Complaint failed to allege facts that would bring this case above the threshold of ordinary fraud to rise to the level of a stigma-inducing RICO claim.

---

[1] RICO is an acronym for the Racketeer Influenced and Corrupt Organization Act ("RICO"). It is known by lawyers and laypersons alike to refer to mafia-related criminal activity, organized crime, and "the mob;" it therefore appropriately carries a negative stigma in legitimate society and is especially damaging when associated with a professional such as Defendant Dr. David Halio.

Notably, even when presented with the opportunity to amend its Complaint to allege necessary facts – which Plaintiffs knew they could not actually do – they failed to amend the Complaint.

Accordingly, Plaintiffs and their counsel should be sanctioned for their concerted, repeated, unjustifiable, and willful misconduct which includes, but is not limited to, their failure to conduct a reasonable inquiry into the legal and factual basis for the instant RICO claims.

Defendant alternatively requests that the Court issue sanctions as permitted by 28 U.S.C. § 1927 and/or its inherent power based on the egregious conduct of Plaintiffs and their counsel.

Accordingly, Defendant submits this memorandum of law in support of their motion for an Order (a) directing Plaintiffs and their counsel to pay monetary sanctions and attorneys' fees pursuant to (i) Rules 11(b)(1), (2) & (3), and 11(c); (ii) 28 U.S.C. § 1927; and/or (iii) and the Court's inherent power; and (b) issuing such other and further relief as this honorable Court deems just, equitable, and proper.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

As set forth in detail in Defendant's Motion to Dismiss, Plaintiffs' RICO claims lack any basis in law or fact to proceed and is no more than a devious plan concocted by Plaintiffs and their counsel to attempt to engage in a family vendetta, all while casting a scarlet letter on Dr. Halio and harming Defendant due to the pending RICO claim that is readily searchable by anyone conducting research on him.  A Justice of the Supreme Court of the State of New York and Defendant himself has long ago placed Plaintiffs on notice that the Complaint lacked any merit and failed to properly allege facts that would warrant the instant RICO claim pled therein.  Additionally, Plaintiffs and their counsel refused an opportunity to seek leave to amend the Complaint, permitting the factually and legally insufficient RICO Complaint to remain.

Dr. Halio has been prejudiced by Plaintiffs maintaining the frivolous stigma-inducing RICO claim for the world at large to discover.

This Court must therefore issue appropriate sanctions.

## ARGUMENT

## POINT I

## SANCTIONS ARE APPROPRIATE PURSUANT TO RULE 11

### A. Safe-Harbor Notice[2]

Before a court may consider the merits of a Rule 11 motion, the movant must have complied with the 21-day safe-harbor notice required under Rule 11(c)(2) by (1) first serving a motion for sanctions on the opposing party, and (2) providing the opposing party with a 21-day period to withdraw or appropriately correct the challenged document before a motion for sanctions is filed or presented to the court. See Fed. R. Civ. P. 11. "The safe-harbor provision is a strict procedural requirement." See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012); see also Guarino v. Resciniti (In re Resciniti), 2019 Bankr. LEXIS 951, 2019 WL 1451278, at *1 (Bankr. E.D.N.Y. Mar. 29, 2019).

The proposed Rule 11 motion must be served upon the opposing party prior to the motion being filed with the Court so that the opposing party will have "notice of the alleged violation and an opportunity to respond before sanctions are imposed." See Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Additionally,

> Rule 11 and principles of due process require that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." Schlaifer Nance & Co.

---

[2] The Court can also issue sanctions on its own initiative without affording the offending party a safe-harbor period pursuant to Rule 11(c)(3) for conduct that violates Rule 11(b).

3

>v. Estate of Warhol, 194 F.3d 323, 334 (3d Cir. 1999). "Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable." Id. (citation omitted); accord Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir. 2003).

See Star Mark Mgmt., Inc., 682 F.3d at 175. There, the Second Circuit held that service of an informal letter outlining the basis for sanctions and an attached notice of motion meets the procedural requirements to trigger the safe-harbor period even though the defendant did not serve any supporting affidavits or memorandum of law. Id. at 175-77 citing Ideal Instruments, Inc. v. Rivard Instruments, Inc., 243 F.R.D. 322, 339 (N.D. Iowa 2007) ("Rule 11 says nothing about requiring service of the *brief* in support of a Rule 11 motion to trigger the twenty-one day 'safe harbor'"). In its analysis, the Second Circuit reasoned that requiring a party to go through the expense of preparing a fully supported motion with a memorandum of law and exhibits would undermine one of the main purposes of the safe-harbor provision, *i.e.*, "to reduce, if not eliminate, the unnecessary expenditure of . . . adversary resources." See Id. at 177 (citing Lawrence v. Richman Grp. Of CT LLC, 620 F.3d 153, 158 (2d Cir. 2010) (*per curiam*)).

Here, Defendant served his Rule 11 Safe Harbor Notice on April 12, 2024. See Declaration of Emanuel Kataev, Esq. (hereinafter "Kataev Decl."), ¶ 3, Exhibit A. The Rule 11 Safe Harbor Notice consisted of a copy of the instant motion, outlining the reasons why sanctions are warranted and included a notice of motion for sanctions.

Despite the unequivocal notice, Plaintiffs not only refused to withdraw their Complaint but instead doubled down, forcing Dr. Halio and his mother to engage in costly motion practice. Defendant was therefore required to defend himself against the baseless allegations.

Based on the contents of Defendant's motion to dismiss and the arguments raised here, Plaintiffs received sufficient notice as required by Rule 11 such that the procedural prerequisites for Defendant's motion for sanctions have been satisfied.

4

**B. Rule 11 Standard**

Rule 11 requires that an attorney or party, certify to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that any pleading presented to the court contains claims that contain a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support. See Fed. R. Civ. P. 11(b).

One of the basic purposes of Rule 11 is to "deter baseless filings in the district court . . . ." See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Under Fed. R. Civ. P. 11(c), a district court may impose sanctions on a party or his counsel (or both), for failing to comply with Rule 11(b).

In fact, sanctions are appropriate where "it should have been patently obvious to any attorney who had familiarized himself with the law" that his action was frivolous. See Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988); see also Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions, if under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands")."

Moreover, where the arguments for asserting claims are made by counsel, the Rule 11 sanctions should be imposed on the lawyer and law firm responsible for making those arguments. See Fed. R. Civ. P. 11(c)(1).

Here, there was no basis in law or fact for Plaintiffs to initiate the instant RICO claims, nor was there any basis for Plaintiffs to continue this litigation despite being on notice from Defendant's motion that their claims lacked merit and were subject to dismissal.

5

For the reasons set forth below, the conduct of Plaintiffs and their counsel in the instant action warrants sanctions.

### i. There is No Basis in Law or Fact For Plaintiffs to Bring the Instant RICO Claims

As outlined in detail in Defendant's Motion to Dismiss, there was no basis for Plaintiffs and their counsel to bring the instant RICO Complaint. See ECF Docket Entries 12-13. Plaintiffs and their counsel knew this to be true, have been repeatedly cautioned that their RICO claims are frivolous, and continued to prosecute this case, even after Defendant moved to dismiss.

Plaintiffs assert alleged RICO violations under 18 U.S.C. § 1962. "To establish a claim for a civil violation of section 1962(c), 'a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" See Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999) (quoting Azrielli v. Cohen Law Offices, 21 F.3d 512, 520 (2d Cir. 1994)). In order to plead a "pattern of racketeering," a plaintiff must plausibly allege multiple acts of racketeering activity occurring within 10 years of each other (see 18 U.S.C. § 1961(5); see also Elsevier, Inc. v. Grossman, 2013 WL 6331839, at *9 (S.D.N.Y. Dec. 5, 2013)), and the predicate acts must be "related" and "continuous." See H.J. Inc., et al. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238-44 (1989). "Continuity" may be established through either "a closed period of repeated conduct, or [ ] past conduct that by its nature projects into the future with a threat of repetition." Id. at 241 (citation omitted); see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 180 (2d Cir. 2004) (RICO plaintiffs "must allege either an open-ended pattern of racketeering activity (*i.e.*, past criminal conduct coupled with a threat of future criminal conduct) or a closed-ended pattern of racketeering activity (*i.e.*, past criminal conduct extending over a substantial period of time) (quoting GICC Capital Corp. v. Tech. Fin. Group, Inc., 67 F.3d 463, 466 (2d Cir. 1995))).

6

The Plaintiffs' RICO claims against the Defendant pursuant to 18 U.S.C. §§ 1962(c) and 1962(d) rely on sparse, conclusory allegations that Dr. Halio "knowingly" engaged in a scheme to defraud Plaintiffs.

Dr. Halio respectfully incorporates by reference the Hon. Joel M. Cohen, J.S.C.'s ("Justice Cohen") decision & Order dismissing the RICO claims against Defendant's mother, as well as the arguments set forth in his memorandum of law in support and reply memorandum of law in further support, as to why the RICO claims here have absolutely no merit. Plaintiffs have failed to heed the warning of Justice Cohen and have repeated their conduct by suing Dr. Halio based on the same deficient allegations that have already been determined to be meritless. The only way to purge Plaintiffs' conduct is by the issuance of appropriate sanctions.

For the foregoing reasons and those set forth below, Plaintiffs' RICO claims lack merit and are frivolous such that sanctions are warranted.

### ii. Sanctions Should Be Imposed

As discussed in the prior sub-sections, prior to filing the Complaint and during the course of this litigation, Plaintiffs did not conduct a reasonable inquiry to determine whether there was a factual and/or legally sufficient basis to continue with the instant RICO Complaint. Alternatively, and even worse, Plaintiffs pushed forward knowing that there were no such grounds to bring its RICO Complaint and did so with reckless disregard as to the consequences of emblazoning the scarlet letters of RICO upon Dr. Halio.

The reasonable inquiry element is measured by an objective standard of reasonableness under the circumstances. See Chambers v. NASCO, Inc., 501 U.S. 32, 47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith.").

7

Subjective good faith on the part of the attorney is insufficient to avoid sanction. See Knipe v. Skinner, 19 F.3d 72, 75 (2d Cir. 1994). The court must examine the objective knowledge of the attorney at the time the challenged paper was signed to determine whether the claim was well grounded in both law and fact. See Cooter & Gell, 496 U.S. at 399; Knipe, 19 F.3d at 75.

Here, Defendant placed Plaintiffs on notice numerous times that its Complaint lacked the necessary allegations of fact to state a claim under RICO. Namely, Dr. Halio moved to dismiss the complaint, and Plaintiffs were aware from a prior related action that the RICO claims are completely devoid of merit. Indeed, Plaintiffs and their counsel were aware of these deficiencies as early as October 7, 2020, when Justice Cohen dismissed the RICO claims against Defendant's mother, which claims are a mirror image of those here. See NYSCEF Docket Entries 184 and 235 at 17:9-11, 18:8-14 ("Just to get something easy out of the way, Mr. Bretcher. I'm not a big fan of attaching RECO claims at the back of complaints. I don't see it. … Look, counsel, these are just run-of-the-mill allegations of fiduciary duty and other things relating to that. This is not what the RECO statute is about. This is not some criminal enterprise or something along those lines, I think you probably know that. And, you know, there's no proximate link between some sort of horrible credible act.") As early as October 7, 2020, Plaintiffs were aware of the need to conduct a reasonable inquiry into its RICO claims, which they did not do, as is apparent upon a review of the complaint and the relevant law concerning RICO. See NYSCEF Docket Entry 235 at 41:6-14 ("Count 3 and 4, which are the RECO [*sic*] counts, they are dismissed. They failed to allege facts sufficient to support what is a conclusory assertion that there was a pattern of racketeering activities, the existence of an enterprise and proximate cause. I note that, to the extent these are state related claims, there's nothing to suggest that it is a claim against someone in their position as an Executrix of an Estate; and, so, to the extent that it is a RECO [*sic*] claim it fails").

8

Plaintiffs and their counsel should be sanctioned. Had they conducted a reasonable inquiry into the issues raised herein or even understood how to plead a viable RICO claim, Dr. Halio would not have been forced to engage in litigation before this Court for months.

Based on the facts and circumstances of this case, with its unusual procedural history and trajectory, a darker scenario is also likely. Plaintiffs knew the facts and law at issue, but were likely subjecting Defendant to litigate and force them to expend attorneys' fees as a means to pressure Dr. Halio's mother to pay Plaintiffs more than what they were entitled to due to the cost of litigation. Based on the egregious conduct of Plaintiffs, Defendant has incurred and will continue to incur substantial expenses in the form of attorneys' fees in this process. There is also no quantification for the damage and carnage caused by Plaintiffs in: (i) damaging Dr. Halio's reputation with a RICO lawsuit; and (ii) causing Dr. Halio's ninety (90) year old mother severe emotional distress with a repeated barrage of scorched earth litigation tactics, including suing her son Dr. Halio. Consequently, sanctions must be imposed on Plaintiffs and their counsel for violations of Rule 11. See Fed. Rule Civ. P. 11(b).

### iii. Proposed Sanctions

Rule 11 makes clear that sanctions are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." See Fed. R. Civ. P. 11(c)(4). Sanctions may include an Order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Id. The most cursory review of the facts and law (e.g., in-depth conversations with Plaintiffs and a good-faith review of caselaw, including that in the related action against Defendant's mother, discussed *supra*) would have revealed that there are no set of plausible facts that could be alleged to make a *prima facie* RICO claim.

9

What's worse, Plaintiffs merely mirrored their prior RICO allegations – which Justice Cohen decided did not state a claim for relief under RICO – without in any way curing the pleading deficiencies.

While a review of the relevant case law and the facts of this case should have prevented Plaintiffs from filing the complaint, Plaintiffs maintained the instant proceeding without prosecuting it as required by the Federal Rules of Civil Procedure. notwithstanding the clear and convincing caselaw rebutting its unsupportable positions.

Defendant and his mother have been put through the proverbial "legal ringer" for over six (6) years since Plaintiffs filed a state court action in 2017 and the instant frivolous case by having to expend substantial legal resources on motion practice. In reality, no such litigation should have ever been commenced.

Accordingly, Dr. Halio requests this Court impose sanctions against Plaintiffs and their counsel including (a) dismissal of the complaint with prejudice; (b) an award of Defendant's reasonable attorneys' fees and costs incurred from the date of the filing of this case, (c) an award of monetary penalties; (d) an in-person conference with all parties, including each representative of Plaintiffs, present to conduct an evidentiary hearing and for this Court to apprise Plaintiffs of their counsel's conduct in this case; (e) payment of a sum to be determined by this Court to the Lawyers' Fund for Client Protection; and (f) such other and further relief as this court deems just, equitable, and proper. See Landmark Ventures, Inc. v. Cohen, 2014 U.S. Dist. LEXIS 165366, *17 (S.D.N.Y. Nov. 25, 2014) (sanctioning plaintiff's counsel $20,000.00 for frivolous arguments in opposition to a motion to dismiss as a "reasonable and sufficient" sanction "to deter repetition of the conduct or comparable conduct by others"); see also Truong v. New York Hotel and Motel Trades Council, 2011 U.S. Dist. LEXIS 3985 (S.D.N.Y. Jan. 12, 2011) (awarding sanctions of

10

attorney's fees in the amount of $72,761.50); Weinraub v. Glen Rauch Sec., Inc., 419 F. Supp. 2d 507, 520 (S.D.N.Y. Dec. 9, 2005) (awarding sanctions of attorney's fees in the amount of $7,200.65).; Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569 (S.D.N.Y. 2004) (attorney sanctioned $5,000.00 for filing claims which were without merit or factual support); Schottenstein v. Schottenstein, 230 F.R.D. 355 (S.D.N.Y. 2005) (dismissal of most claims granted under Fed. R. Civ. P. 12 and attorneys required to pay attorneys' fees as sanction); Roeder v. Rogers, 206 F. Supp. 2d 406 (W.D.N.Y. 2002) (summary judgment granted and attorney required to pay the cost of legal services and expenses incurred in reviewing and defending against the complaint as sanctions); Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000) ("The district court acted well within its discretion in granting the defendants reimbursement for a portion of their attorney['s] fees to compensate them for the waste of the court's and counsel's time.").

Only severe sanctions against Plaintiffs and their counsel can provide the necessary salve for the great harm they inflicted upon the Court, Defendant Dr. Halio, his ninety (90) year old mother, and the judicial process as a whole.

Plaintiffs and their counsel have so wantonly disregarded clear pleading standards despite being on notice for so long.

Plaintiffs and their counsel clearly have no respect for the Court and its process, and have contributed to the reason why so many members of the public have no faith in the law. To demur in issuing the most severe sanctions would essentially ratify their conduct and operate as a green light for them to repeat in the future and set precedent that there's virtually no conduct that would warrant punishment.

Conversely, severe sanctions would send a powerful message to litigants and their counsel to refrain from using the courts (and the RICO statute) as a forced tool of the vulture

11

businessperson to avoid paying a debt. LCS Group, LLC v Shire LLC, 2019 US Dist LEXIS 43255, *48 (SDNY 2019) (dismissing RICO claims and granting Rule 11 sanctions stating RICO claim was "frivolous, not warranted by existing law, and intended to harass Shire and Haug, and, therefore, that sanctions are justified."); Edmonds v. Seavey, 2009 US Dist LEXIS 111915, * 12 (SDNY Dec. 2, 2009) (dismissing RICO claims and granting Rule 11 relief stating, "sanctions are particularly appropriate in this case because Plaintiff's case rose or fell on the complete absence of any evidence to support his allegations of RICO predicate acts.") (citing cases); Katzman v Victoria's Secret Catalogue, 167 FRD 649, 660 (SDNY 1996) (granting Rule 11 sanctions where "even a cursory examination of the requirements for bringing suit under RICO would have revealed the impossibility of the claim's success").

Accordingly, this Court should exercise its discretion in favor of issuing sanctions.

## POINT II

## SANCTIONS ARE WARRANTED PURSUANT TO 28 U.S.C. § 1927

Under 28 U.S.C. **§** 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See 28 U.S.C. § 1927.

As outlined herein, Plaintiffs and their counsel have multiplied the proceedings in this case unreasonably and vexatiously.

Therefore, the Court should require Plaintiffs and their counsel to pay sanctions including all attorneys' fees and costs incurred by Defendant to date.

## POINT III

## THE COURT SHOULD OTHERWISE ISSUE SANCTIONS PURSUANT TO ITS INHERENT POWER

The "Court has the inherent power to do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants." See Shangold v. Walt Disney Co., 2006 WL 71672, *4 (S.D.N.Y. Jan. 12, 2006) (Pauley, J.), aff'd 275 Fed. Appx. 72 (2d Cir. 2008). This inherent authority also includes the power to sanction a party for committing a fraud on the court and other abuses of the judicial process including "bad faith, vexatious[], [or] wanton[]' acts or actions undertaken for 'oppressive reasons.'" See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44-46, 50 (1991).

Defendant needs to reiterate Plaintiffs' abuse of the judicial process in this case. As outlined at length *supra*, Plaintiffs have engaged in bad faith and vexatious conduct for the sole purpose of engaging in a family vendetta.

Even worse, Plaintiffs continued to ignore its lack of factual propositions to state a *prima facie* RICO claim, which also requires sanctions.

Accordingly, the Court should use its inherent power to sanction Plaintiffs and their counsel.

## POINT IV

**PLAINTIFFS CANNOT AVOID SANCTIONS BY VOLUNTARILY DISMISSING THE COMPLAINT**

Lastly, sanctions cannot be avoided by withdrawal of a Complaint. That ship has sailed.

In fact, the Supreme Court has ruled that sanctions have no limitation based on status of dismissal. See Cooter and Gell v. Hartmarx Corp., 496 U.S. 384, 397-98 (1990) (holding that "If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers'") (quoting Amendments to Federal Rules of Civil Procedure, 97 F.R.D. 165, 192 (1983) (Letter from Judge Walter Mansfield, Chairman, Advisory Committee on Civil Rules (Mar. 9, 1982)); see

13

also Muthig v. Brant Point Nantucket, Inc., 838 F.2d 600, 604 (1st Cir. 1988) (noting that neither Rule 11 nor Rule 41 contains post-voluntary dismissal limitations); Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1079 (7th Cir. 1987) (likening Rule 11 sanctions to contempt sanctions for purposes of post-voluntary dismissal jurisdiction), cert. dismissed, 485 U.S. 901, 99 L. Ed. 2d 229 (1988).

Accordingly, to the extent Plaintiffs withdraw their complaint, this Court should nonetheless award sanctions given the circumstances in this case.

## CONCLUSION

For the foregoing reasons, Dr. Halio respectfully request that the Court issue appropriate sanctions against Plaintiffs and their counsel for the reasons set forth herein.[3]

Dated: Jamaica, New York
      April 12, 2024                         Respectfully submitted,

**SAGE LEGAL LLC**

 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
mail@emanuelkataev.com

*Attorneys for Defendant
David Halio*

---

[3] Upon this motion being granted, Dr. Halio respectfully requests leave to submit an accounting of their legal fees and related expenses and costs.

**VIA CERTIFIED MAIL & ECF**
Scarinci & Hollenbeck, LLC
<u>Attn</u>: Dan Brecher, Esq.
519 Eighth Avenue, 25th Floor
New York, NY 10018
(212) 286-0747 (office)
(917) 861-5057 (cellular)
(212) 808-4155 (facsimile)
dbrecher@sh-law.com

*Attorneys for Plaintiffs*