# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

JOBAR HOLDING CORPORATION, ROBERT BUCK, individually, and ROBERT BUCK, As Executor of the Estate of JOAN BUCK, and ROBERT BUCK, individually, and ROBERT BUCK, As Executor of the Estate of JOAN BUCK, derivatively as shareholders on behalf of JOBAR HOLDING CORPORATION,

                            Plaintiffs,

    against-

BARBARA HALIO, TURMAN & EIMER, LLP, And YESKOO, HOGAN & TAMLYN, LLP

                            Defendants.
_____

Index No. 655689/2017

AFFIDAVIT IN OPPOSITION TO MOTION OF PLAINIFF FOR A PRE-JUDGMENT ATTACHMENT, A RESTRAINING ORDER OR, IN THE ALTERNATIVE, THE APPOINTMENT OF A RECEIVER

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )

Barbara Halio, of full age, being duly sworn according to law, deposes and says:

1. I am one of the defendants in the above matter, and I respectfully submit this affidavit in opposition to the motion of plaintiff for a pre-judgment writ of attachment against my assets, a restraining order or, in the alternative, the appointment of a receiver.

2. As is relevant to this proceeding, Jobar owned a building located at 120 West 72nd Street, New York, New York ("the Building").

3. The shareholders of Jobar were my parents, Otto and Kitty Buck. On my father's death, my mother Kitty became the sole shareholder, and on her death in 2001, her shares were left to my family and Joan's family. Each family received 50% of the shares.

4. On our mother's death, Joan served as Jobar's presidents, and when Joan died in 2005, I became president.

5. In 2006 the Building was sold, and all but $1,500,000.00 ("the Holdback"") was distributed to the shareholders in proportion to their shareholdings.

6. The Holdback was to cover all outstanding obligations. Jobar had been operating in the red for years and had, at one point, filed bankruptcy. To bring it out of bankruptcy and keep it operating, I loaned it money. And I continued to loan it money over the years until the Building was sold. These loans came from a home equity loan of approximately $300,000.00 that I took out on my home located at 257 Foxhurst Road, Oceanside, New York, and from withdrawals from my late husband's pension. As a result of the withdrawals that I made, I incurred income tax on this money and withdrawal penalties. I had deferred taking both management fees and the salary I was entitled to as president, both of which Joan took when she was president. I was executor of our mother's estate, and there were executor's commissions that I was entitled to that I did not take due to the lack of available funds at the time. These were all paid to me from the Holdback. There were also post-closing legal and accounting fees and banks fees that were paid from the Holdback. Robert's sister, Ottilie, was entitled to a share of the Holdback, and she was paid from it.

7. There was a remaining balance on the Holdback which I withdrew as loans. These were carried on Jobar's books as loans. They were not hidden from anyone who wished to examine its books and records.

8. I am an 84 year old widow whose sole source of income is social security and money that my children give me to pay for my expenses. This money goes into my only checking account. I have no savings or money market accounts.

9. The money that I received from the Holdback as deferred salary, management fees, and as executor's commissions, as loan repayment, and as loans from Jobar has all been spent on such items are my mortgages, health insurance and general living expenses as my only source of income is my social security. It was not transferred to or assigned to anyone, and it has not been secreted by me. It has been spent.

10. I own my home in Oceanside. My husband and I bought it in the 1960's and raised our family there. I have no intention of selling it and plan to live there until I am no longer able to live on my own. It has a balance on a home equity loan of over $200,000.00, and payments are currently in arrears. I own a home in Water Mill, NY that I attempting to sell. It has a mortgage of over $300,000.00 that is currently in arrears. When the home in Water Mill is sold, I will use the net sale proceeds to repay plaintiff Robert 38% of the loans that I took from Jobar. That amount, however, will need to be determined, and is nowhere near what plaintiff Robert claims is owed.

11. These are my only assets and my only source of income.

12. After not having heard from plaintiff Robert for approximately 10 years, he called me and asked about the balance of the money that he was entitled to. I told him that I had taken it as loans and that he would be repaid whatever he was owed. After that I heard nothing from him until he filed this suit. Through my attorneys I have twice offered to settle this matter with any money owed plaintiff Robert to be paid on the sale of the Water Mill home. He has never responded either time.

13. Plaintiff Robert has already received over $7,000,000.00 from the sale of the Building and will receive whatever additional money that he may be entitled to. I have

never hidden the fact that I paid myself money that I was owed by Jobar and my mother's estate or that I took loans from Jobar.

Barbara Halio

Sworn to and subscribed before me this 2d day of December, 2017

Barry I Siegel
Notary Public
State of New York
Reg. No. 02SI6180728
My Comm. Expires 1/14/20