UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOBAR HOLDING CORPORATION, ROBERT BUCK,
Individually, and ROBERT BUCK, as Executor of the
Estate of JOAN BUCK, and ROBERT BUCK, individually
and ROBERT BUCK, As Executor of the Estate of JOAN
BUCK, derivatively as shareholders on behalf of JOBAR
HOLDING CORPORATION,

Case No.:
1:23-cv-11217 (JGLC) (GS)

                        Plaintiffs,

    -against-

DAVID HALIO,

                        Defendant.
------------------------------------------------------------------------X

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Dated: Jamaica, New York
       August 19, 2024

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
mail@emanuelkataev.com

*Attorneys for Defendant*
*David Halio*

**PRELIMINARY STATEMENT**

Plaintiffs provide no basis for this Court to deny Defendant Dr. David Halio's (hereinafter "Defendant" or "Dr. Halio") motion for sanctions; indeed, Plaintiffs' conduct only further solidify Dr. Halio's entitlement to an Order issuing sanctions against them for their failure to address certain arguments, which should be deemed waived, and for their separate violation of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") by filing tax returns containing the full tax identification of Plaintiff Jobar Holding Corporation without redacting same as required by Rule 5.2.

Accordingly, Defendant submits this reply memorandum of law in further support of his motion for an Order (a) directing Plaintiffs and their counsel to pay monetary sanctions and attorneys' fees pursuant to (i) Rules 11(b)(1), (2) & (3), and 11(c); (ii) 28 U.S.C. § 1927; and/or (iii) and the Court's inherent power; and (b) issuing such other and further relief as this honorable Court deems just, equitable, and proper.

For the reasons set forth herein and those contained in the moving papers, this Court must issue appropriate sanctions.

**ARGUMENT**

**POINT I**

**SANCTIONS ARE APPROPRIATE PURSUANT TO RULE 11**

**A.  The Proceedings in the Barbara Halio State Court Action Fail to Save Plaintiffs**

Plaintiffs rely on the existence of an injunction, which Defendant's mother consented to, as well as the sufficiency of Plaintiffs' state law claims against Defendant's mother, to argue that sanctions are inappropriate. Plaintiffs' arguments are misplaced; the only issue before this Court is whether the RICO claims are frivolous, and they cannot rely on other claims to defeat sanctions.

This is supported by a federal court's obligation to separate the wheat from the chaff in discerning between a true civil RICO claim and a run-of-the-mill fraud claim. See <u>Helios Intern. S.A.R.L. v. Cantamessa USA, Inc.</u>, No. 12-CIV.-8205, 2013 WL 3943267, at *5 (S.D.N.Y. July 31, 2013) ("[C]ourts must be wary of putative civil RICO claims that are nothing more than sheep masquerading in wolves' clothing [as fraud claims]"); <u>Rosenson v. Mordowitz</u>, No. 11-CIV.-6145, 2012 WL 3631308, at *5 (S.D.N.Y. Aug. 23, 2012) (to same effect); <u>Curtis & Assocs., P.C. v. L. Offs. of David M. Bushman, Esq.</u>, 758 F. Supp. 2d 153, 167 (E.D.N.Y. 2010) (to same effect).

Indeed, especially "in cases involving fraud, plaintiffs asserting RICO frequently miss the mark and have their cases dismissed at the outset." See <u>Demaree v. Castro</u>, No. 22-CIV.-8772, 2023 WL 6465881, at *5 (S.D.N.Y. Oct. 4, 2023); <u>see</u> <u>also</u> <u>Gross v. Waywell</u>, 628 F. Supp. 2d 475, 479-80 (S.D.N.Y. 2009) (discussing bleak success rates for civil RICO cases).

Thus, Plaintiffs' reliance on the existence of state law claims is unavailing to support a basis in law or fact for the civil RICO claim, which is assessed under an entirely different standard leaps and bounds apart from such state law claims.

Plaintiffs also argue that the discovery adduced in the Barbara Halio state court action, consisting of tax returns as well as deposition testimony and sworn affidavits concerning the tax returns, gives rise to the existence of a RICO claim. This argument similarly fails.

*First*, the existence of these documents do not address the fact that they are time-barred.

*Second*, as discussed in Dr. Halio's motion papers, tax fraud is not a proper predicate for a RICO claim.

*Third*, Plaintiffs failed to include this alleged evidence supporting their RICO claims, nor did Plaintiffs include allegations of such evidence, in their copy-paste complaint from the Barbara Halio state court action.

2

This Court therefore cannot properly consider the same on this motion. See Emanuel v. City of New York, No. 23-CV-2980, 2024 WL 3638328, at *3 (S.D.N.Y. Aug. 2, 2024) ("[I]t is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss" (cleaned up)) (citing Reed Int'l Trading Corp. v. Donau Bank AG, 866 F. Supp. 750, 756 (S.D.N.Y. 1994)).

Moreover, Plaintiffs mislead this Court in arguing that the parties have perfected their respective appeal and cross-appeal in the Barbara Halio state court action. While Barbara Halio perfected her appeal, Plaintiffs *withdrew* their appeal and have opposed Barbara Halio's appeal by arguing that the dismissed claims should be reinstated. See NYSCEF Docket Entry 64. This is improper, given Plaintiffs' withdrawal of their appeal, and will not revive their long-ago-dismissed civil RICO claims against Barbara Halio.

### B. The RICO Claims Were Not Sufficiently Pled & Are Demonstrably Frivolous

In a futile effort to avoid the all-but-inevitable sanctions in this case, Plaintiffs unconvincingly argue that the pleadings allege more than six fraudulent "loans" over the course of seven years which Dr. Halio purportedly participated in. The basis for a RICO claim, Plaintiffs assert, is tax fraud.

#### i. There was insufficient continuity

Plaintiffs failed to rebut Dr. Halio's argument that open-ended continuity is appropriate in this case, where there is no allegation of inherently unlawful conduct, and the pleadings consist solely of allegations of fraud. See ECF Docket Entry 13 at 22 (citing See Int'l Bhd. of Teamsters v. Carey, 297 F. Supp. 2d 706, 715 (S.D.N.Y. 2004)).

As such, only an analysis of closed-ended continuity may be conducted to determine the sufficiency of the RICO claims.

3

As set forth in Dr. Halio's moving papers in support of his motion to dismiss, the complaint does not sufficiently plead closed-ended continuity because the alleged predicate acts are few and far between spanning over nearly a decade.

They are therefore insufficiently continuous to constitute a pattern of racketeering activity. See Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 97 (2d Cir. 1997) (to establish a "pattern" of racketeering activity, a plaintiff must plead "at least two predicate acts, [and] show that the predicate acts are related, and that they amount to, or pose a threat of, *continuing* criminal activity") (emphasis added).

### ii. The predicate acts pled were also insufficient

Notwithstanding Dr. Halio's authority providing that tax fraud is not a predicate act under the RICO statutory scheme in its February 29, 2024 motion papers, Plaintiffs frivolously argue that the basis for the RICO claims against Dr. Halio consist of tax fraud.

Plaintiffs fail to offer a single authority in support of their unfounded argument.

Plaintiffs' RICO claims are therefore frivolous under Rule 11.

### iii. Plaintiffs fail to show their claims are not time-barred

Plaintiffs rely on alleged conduct in 2020 to argue that their RICO claims are timely. However, they entirely ignore – let alone fail to rebut – black-letter law that that continuing violations doctrine does not apply to RICO claims. See Bankers Tr. Co. v. Rhoades, 859 F.2d 1096, 1105 (2d Cir. 1988).

Because Plaintiffs ignore Dr. Halio's argument that they had notice of his alleged involvement in the so-called scheme since November 2016, Plaintiffs' failure to timely file the RICO claim before November 2020 was fatal, and is now time-barred.

Based on the foregoing, Plaintiffs and their counsel should be sanctioned.

4

Had they conducted a reasonable inquiry into the issues raised herein or even understood how to plead a viable RICO claim, Dr. Halio would not have been forced to engage in litigation before this Court for months.

## POINT II

## SANCTIONS ARE WARRANTED PURSUANT TO 28 U.S.C. § 1927

Plaintiffs and their counsel have failed to rebut Dr. Halio's assertion that they have multiplied the proceedings in this case unreasonably and vexatiously. As such, Plaintiffs have waived any argument to the contrary. See Felske v. Hirschmann, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. March 1, 2012) ("[a] Plaintiff effectively concedes a defendant's arguments by his failure to respond to them"); see also Rosenblatt v. City of New York, No. 05-CV-5521, 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007) (same).

Therefore, the Court should require Plaintiffs and their counsel to pay sanctions including all attorneys' fees and costs incurred by Defendant to date.

## POINT III

## THE COURT SHOULD OTHERWISE ISSUE SANCTIONS PURSUANT TO ITS INHERENT POWER

Plaintiffs and their counsel have failed to rebut Dr. Halio's assertion that they abused the judicial process in this case.

As such, Plaintiffs have waived any argument to the contrary. See Felske, 2012 WL 716632, at *3; see also Rosenblatt, 2007 WL 2197835, at *7 (same).

Accordingly, the Court should use its inherent power to sanction Plaintiffs and their counsel.

**POINT IV**

**THE COURT SHOULD ALSO ISSUE SANCTIONS FOR RULE 5.2 VIOLATIONS**

Concomitant with Plaintiffs' Rule 11 violations, Plaintiffs have compounded their failure to follow the Rules by filing tax returns of Jobar Holding Corporation – the company they purportedly pursue claims on behalf of derivatively – without redacting its own and other tax-payer identification numbers as required by Rule 5.2. This abject failure warrants separate sanctions altogether.

Rule 5.2 clearly dictates how parties are to file Court documents which contain an "individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." See Scharnhorst v. Cantrall, No. 5:22-CIV.-5138 (TLB), 2023 WL 3012022, at *2 (W.D. Ark. Mar. 31, 2023), report and recommendation adopted sub nom. Scharnhorst v. Cantrell, No. 5:22-CIV.-5138, 2023 WL 3010191 (W.D. Ark. Apr. 19, 2023) (citing Fed. R. Civ. P. 5.2(a)).

It is within the inherent authority of the Court to sanction a party for violating this (or any other) procedural rule. See Engeseth v. Cnty. of Isanti, Minn., 665 F. Supp. 2d 1047, 1048 (D. Minn. 2009) (sanctioning plaintiff's counsel for failing to comply with Rule 5.2 because "[a]lthough electronic filing significantly improves the efficiency and accessibility of [ ] the court system, it also elevates the likelihood of identity theft and damage to personal privacy when lawyers fail to follow federal and local rules"). And courts exercise their discretion in favor of issuing sanctions for violations of Rule 5.2. See Allstate Ins. Co. v. Linea Latina De Accidentes, Inc., 2010 WL 5014386, at *2–3 (D.Minn. Nov. 24, 2010) (imposing sanctions of $300 and pay for credit monitoring for violations of Rule 5.2); see also Baker v. FirstCom Music, No. 16-CIV.-8931 (VAP) (JPRX), 2018 WL 2584814, at *9 (C.D. Cal. Jan. 16, 2018) ($300.00 fine).

Here, this Court should exercise its discretion in favor of awarding sanctions for Plaintiffs' compounded failure to comply with Rule 5.2 where the tax-payer identification numbers are repeatedly shown unredacted.

## CONCLUSION

For the foregoing reasons, Dr. Halio respectfully request that the Court issue appropriate sanctions against Plaintiffs and their counsel for the reasons set forth herein and in his moving papers.

Dated: Jamaica, New York
      August 19, 2024                    Respectfully submitted,

                                                **SAGE LEGAL LLC**

                                                */s/ Emanuel Kataev, Esq.*
                                                Emanuel Kataev, Esq.
                                                18211 Jamaica Avenue
                                                Jamaica, NY 11423-2327
                                                (718) 412-2421 (office)
                                                (917) 807-7819 (cellular)
                                                (718) 489-4155 (facsimile)
                                                mail@emanuelkataev.com

                                                *Attorneys for Defendant*
                                                *David Halio*

**VIA ECF**
Scarinci & Hollenbeck, LLC
<u>Attn</u>: Dan Brecher, Esq.
519 Eighth Avenue, 25th Floor
New York, NY 10018
(212) 286-0747 (office)
(917) 861-5057 (cellular)
(212) 808-4155 (facsimile)
dbrecher@sh-law.com

*Attorneys for Plaintiffs*