**MANDATE**

24-2879-cv
*Jobar Holding Corp. v. Halio*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-five.

PRESENT:
        GUIDO CALABRESI,
        JOSEPH F. BIANCO,
        WILLIAM J. NARDINI,
              *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 18, 2025

---

JOBAR HOLDING CORPORATION, ROBERT BUCK, INDIVIDUALLY,

    *Plaintiffs-Appellees*,

v.                                         24-2879-cv

DAVID HALIO,

    *Defendant-Appellant.*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | EMANUEL KATAEV, Sage Legal LLC, Jamaica, New York. |
| FOR PLAINTIFFS-APPELLEES: | DAN BRECHER, Scarinci & Hollenbeck, LLC, New York, New York. |

MANDATE ISSUED ON 06/18/2025

Appeal from the order of the United States District Court for the Southern District of New York (Jessica G. L. Clarke, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on September 30, 2024, is **AFFIRMED**.

Defendant-Appellant David Halio ("David") appeals from the district court's order denying his request for sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the district court's inherent power. The sole issue on appeal is whether, after granting David's motion to dismiss Plaintiffs-Appellees Robert Buck and Jobar Holding Corporation's ("Jobar") claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the district court abused its discretion in denying David's request for sanctions based upon the meritless nature of the RICO claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This case arises out of a dispute over the proceeds from the sale of a family-owned property in Manhattan, New York. In particular, Jobar is an inactive corporation of which Buck and certain members of his extended family, including David and his mother Barbara Halio ("Barbara"), are shareholders. Jobar previously owned a building located at 120 West 72nd Street, New York, New York, which it sold on May 12, 2006, for $22 million. After Jobar paid the mortgage on the property, as well as fees, bills, taxes, and Jobar shareholders, the remaining $1.5 million (the "Holdback Funds") were placed in an interest earning account for future distributions to Jobar shareholders.

As manager of the Holdback Funds and a fiduciary of Jobar, Barbara distributed, without Buck's knowledge, more than $1 million of the Holdback Funds through a series of transfers, which

she characterized as loans, to herself and others in her immediate family, including David, who allegedly received distributions that exceeded what he was entitled to based upon his percentage share of Jobar.

Plaintiffs allege that the so-called loans were in fact unauthorized distributions, as evidenced by the fact that there were no loan documents, interest payments, or repayments of the distributions by Barbara or David. Plaintiffs allege that David "provided assistance to Barbara" in making the distributions, and has been "receiving, keeping and making false statements as to the fraudulent conveyances he received through Barbara's transfers to him of plaintiffs' funds." App'x at 24. Plaintiffs further allege that, as part of this scheme, David filed false and misleading tax documents in which he failed to report as income the money he received from Barbara, and that Barbara and David sent Jobar shareholders tax documents that contained false statements or omissions to hide Barbara's distributions.

In 2016, Buck commenced a mandamus proceeding in New York State Supreme Court to inspect Jobar's books and records.[1] Although he was able to access only a portion of Jobar's financial records, Buck's review of Jobar's documents revealed that Barbara had transferred a portion of the Holdback Funds to herself, David, and other members of her immediate family. Through further discovery, Plaintiffs obtained affidavits from Barbara in 2017 and 2020, and deposed David in January 2023, which provided additional information about the alleged scheme. On November 20, 2023, Plaintiffs commenced this action in New York State Supreme Court against

---

[1] Plaintiffs also brought a concurrent lawsuit in New York State Supreme Court against Barbara. On October 7, 2020, the court dismissed all claims against Barbara, including the civil RICO claim, except for the faithless employee claim brought derivatively on behalf of Jobar. Plaintiffs have since filed a second amended complaint in their action against Barbara, which does not assert a claim for civil RICO.

David, bringing claims for (i) unjust enrichment; (ii) aiding and abetting Barbara's breaches of fiduciary duty; (iii) civil RICO; (iv) civil RICO conspiracy; (v) fraud; and (vi) aiding and abetting fraud. David then removed the case to federal court, and later moved to dismiss the complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and for sanctions against Plaintiffs for bringing the RICO claims, pursuant to Rule 11, 28 U.S.C. § 1927, and the district court's inherent power. On September 30, 2024, the district court granted David's motion to dismiss as to the federal RICO claims, declined to exercise supplemental jurisdiction over the remaining state law claims, and remanded the case to state court for further proceedings. *See Jobar Holding Corp. v. Halio*, No. 23-cv-11217 (JGLC), 2024 WL 4349749, at *1–9 (S.D.N.Y. Sept. 30, 2024). It also denied David's motion for sanctions. *Id.* at *9–11. This appeal followed.

### I. Rule 11

We review a district court's decision regarding whether to impose Rule 11 sanctions for abuse of discretion. *See Perez v. Posse Comitatus*, 373 F.3d 321, 326 (2d Cir. 2004). The district court has abused its discretion if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citations omitted). "This deferential standard is applicable to the review of Rule 11 sanctions because . . . the district court is familiar with the issues and litigants and is thus better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 103 (2d Cir. 2015) (alteration adopted) (internal quotation marks and citation omitted).

4

Rule 11(b)(2) states that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating [for] it—an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); *see Kyros Law P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 543 (2d Cir. 2023).

As an initial matter, we note that Rule 11 does not apply to a complaint filed in state court and removed to federal court, such as the one here. *See, e.g.*, *Mareno v. Jet Aviation of Am., Inc.*, 970 F.2d 1126, 1128 (2d Cir. 1992) (per curiam) ("Rule 11 has no retrospective application to a complaint filed in state court even if the action subsequently is removed to federal court." (internal quotation marks and citation omitted)); *Stiefvater Real Est., Inc. v. Hinsdale*, 812 F.2d 805, 809 (2d Cir. 1987) (same). As set forth below, to the extent that David sought Rule 11 sanctions based on Plaintiffs' reaffirmation of the RICO claims through their filings in federal court, the district court did not abuse its discretion in denying those sanctions. *See Mareno*, 970 F.2d at 1128–29; Fed. R. Civ. P. 11 Advisory Committee's Note (1993) ("[A] litigant's obligations with respect to the contents of [filings] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions . . . .").

David argues that the district court abused its discretion by declining to impose Rule 11 sanctions on Plaintiffs for bringing time-barred RICO claims without diligently investigating their claims or identifying circumstances that would have tolled the relevant statute of limitations. We

5

disagree. To be sure, Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a [filing] before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (citation omitted). However, the district court reasonably determined that Plaintiffs conducted a sufficient inquiry into their claims by relying on the discovery in the state court action. In particular, Plaintiffs initiated a mandamus proceeding to review Jobar's financial records, which revealed that Barbara had allegedly fraudulently transferred Holdback Funds to members of her family. Plaintiffs also obtained affidavits from Barbara in 2017 and 2020 indicating that she had made the transfers, and deposition testimony from David suggesting that he had received Holdback Funds from his mother. Although David asserts that the "RICO claims . . . were destined for doom from the get-go since they were filed well beyond the statute of limitations period," Appellant's Br. at 14, Plaintiffs alleged that it was not until David's deposition in the state court proceeding against Barbara, in January 2023, that they learned he had received such funds, and they assert that they reasonably believed equitable tolling would apply based on alleged fraudulent conduct during the limitations period. On this record, although it ultimately concluded that the documents received as part of the 2016 mandamus proceeding contained sufficient information about the transfer scheme to put Plaintiffs on notice, the district court was within its discretion to determine that the efforts Plaintiffs made during the discovery in state court constituted a "reasonable inquiry into the viability" of their RICO claims, including on the statute of limitations issue. *Gutierrez*, 141 F.3d at 427; *see also Princess Fabrics, Inc. v. CHF, Inc.*, 922 F.2d 99, 104 (2d Cir. 1990) (concluding the district court acted within its discretion in rejecting defendant's argument that plaintiff did not reasonably investigate the viability of its claim where plaintiff elicited some testimony at trial that supported the claim).

To the extent David also argues that, even assuming *arguendo* the RICO claims were not time-barred, sanctions should have been imposed because the district court determined that the claims were meritless, we find this argument unavailing. "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction[s], it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990). "The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). Our review of whether a claim is frivolous is based on "objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 387 (2d Cir. 2003) (internal quotation marks and citation omitted).

Here, despite ultimately concluding that the civil RICO claims lacked merit even if the claims were timely, the district court found that Plaintiffs alleged facts that satisfied certain elements of a RICO claim. For example, the district court determined that Plaintiffs sufficiently alleged a RICO injury—namely, that Barbara transferred Holdback Funds, to which Plaintiffs were entitled, to David and other members of their family. Moreover, David did not contest, so the district court assumed without deciding, that Plaintiffs' allegations properly pleaded two predicate acts necessary to sustain a RICO claim. The district court also acknowledged that Plaintiffs identified a number of Holdback Fund transfers in support of their enterprise allegations. In sum, based on this record, the district court did not abuse its discretion in determining that, although the RICO claims were meritless (and the state court had previously dismissed the civil RICO claim brought against Barbara), the claims were not so frivolous as to warrant sanctions. *See Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) ("We conclude . . . that although [plaintiff's] amended

complaint ultimately failed to state a RICO claim, his claims were not so obviously foreclosed by precedent as to make them legally indefensible."); *cf. Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012) (affirming a district court's decision to impose Rule 11 sanctions where plaintiff's claims were "without *any* support" (emphasis added)); *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 706, 709 (2d Cir. 1990) (imposing Rule 11 sanctions based on a frivolous RICO claim where "[n]ot one" of plaintiff's alleged predicate acts "could even remotely constitute a federal claim").

## II.     28 U.S.C. § 1927 and the District Court's Inherent Power

Like our review of Rule 11 decisions, a decision regarding sanctions made under a court's inherent power or 28 U.S.C. § 1927 is reviewed for abuse of discretion. *See Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999).

"A federal court may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (internal quotation marks and citation omitted). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks and citation omitted).

A party may be entitled to sanctions pursuant to Section 1927 under similar circumstances. Section 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

8

reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[Section] 1927 requires a clear showing of bad faith," and "[l]ike an award made pursuant to the court's inherent power, an award under [Section] 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (internal quotation marks and citations omitted). Indeed, "the only meaningful difference between" sanctions imposed under Section 1927 and the court's inherent power is that sanctions under Section 1927 "are made only against attorneys or other persons authorized to practice before the courts," while sanctions under the district court's inherent power "may be made against an attorney, a party, or both." *Enmon*, 675 F.3d at 144 (internal quotation marks and citation omitted).

We conclude that the district court did not abuse its discretion in declining to impose sanctions pursuant to Section 1927 or its inherent power. David argues that such sanctions were warranted because Plaintiffs have delayed and multiplied proceedings by initiating this case, instead of amending their pending case in state court against Barbara to include allegations against David. We have previously explained that "we are skeptical that the commencement of a suit in an inconvenient forum may be the basis of Rule 11 sanctions where venue was not improper." *Sussman v. Bank of Israel*, 56 F.3d 450, 457 (2d Cir. 1995). We are equally skeptical that the filing of a suit in an inconvenient forum, without more, evinces the bad faith necessary to support sanctions under Section 1927 or the court's inherent powers. In any event, we agree with the district court that "[t]here is . . . no indication that these claims were brought as a means to delay any action or relief or to forum shop," or for some other improper purpose. *Jobar Holding Corp.*, 2024 WL 4349749, at *11. Indeed, David concedes that the "district court was not presented with

9

evidence that [Plaintiffs] brought their RICO claims for an improper purpose." Appellant's Br. at 17. Without any such evidence, the district court was correct to not impose sanctions on this ground. *See Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (explaining that "a court must find clear evidence that . . . the claims were brought in bad faith" (internal quotation marks and citation omitted)).

       \*     \*     \*

We have reviewed David's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit